UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN DENNIS, | Case No. CV 11-432 VBF (MRW) |
| Petitioner, | |
| vs. | [PROPOSED] ORDER DISMISSING ACTION |
| PEOPLE OF STATE OF CALIFONRIA, | |
| Respondent. | |

The Court dismisses Petitioner's defective habeas action for: (a) failure to exhaust state court remedies; and (b) failure to prosecute or obey a court order.

Petitioner filed his federal habeas action in January 2011. According to the petition, he is a state prisoner serving a sentence for narcotics crimes. (Docket # 1 at 2.) The Court screened the petition shortly after filing. Magistrate Judge Mumm determined that the petition was defective because, among other things, Petitioner did not fully exhaust all of his claims in state court. (Docket # 3.) The Court's screening order instructed Petitioner to file an amended petition withdrawing his unexhausted claim if he wished to pursue federal habeas relief.

1  The Court's January 2011 order was returned as undeliverable. According
2  to the returned mailing, Petitioner had moved from his prison (Deuel Vocational
3  Institution) for court purposes without updating his address. The Court reissued
4  the screening order in February 2011. (Docket # 6.) That order also was returned
5  to the Court without delivery.

6  The case was subsequently transferred to Magistrate Judge Wilner.
7  Judge Wilner's clerk determined that Petitioner was then housed at the
8  Los Angeles County Jail. The Court issued an order regarding the status of the
9  case in July 2011. (Docket # 11.) The Court informed Petitioner of the
10 requirement that he file an amended petition or face dismissal of the case. The
11 Court also informed Petitioner of the Local Rule requiring an unrepresented
12 litigant to keep the Court apprised of his mailing address. The Court served the
13 order on Petitioner <u>both</u> at the Deuel facility and at the local jail, and gave a
14 deadline by which Petitioner was required to respond to the Court's inquiry.
15 To date, Petitioner failed to respond to the Court's order.

\* \* \*

17 A prisoner must exhaust all claims as a prerequisite to federal court
18 consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A). Petitioner
19 must fairly present those claims to the state's highest court. <u>Rose v. Lundy</u>, 455
20 U.S. 509 (1982). A claim has not been fairly presented unless the prisoner
21 describes in the state court proceedings both the operative facts and federal legal
22 theory on which his claim is based. <u>Duncan v. Henry</u>, 513 U.S. 364, 370 (1995).
23 Petitioner bears the burden of demonstrating this prerequisite has been met.
24 <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972).

25 In this case, the Court informed Petitioner that his federal habeas petition
26 contained an unexhausted claim. Petitioner has not met his burden of showing that

2

he exhausted his state court rights before he commenced this federal habeas action as required by statute. Petitioner's mixed petition is therefore subject to dismissal.

In addition to the substantive defect with the petition, Petitioner failed to update his mailing address with the Court or otherwise prosecute his case. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. See Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions).

A pro se litigant has an affirmative obligation to provide the Court with up-to-date contact information. This allows the Court to monitor and advance filed cases, and ensure that litigants (who typically send and receive documents by U.S. Mail rather than the Court's ECF system) are ready and able to respond to orders of the Court. For this reason, the Court has adopted Local Rule 41-6 (promulgated under Federal Rule of Civil Procedure 41). The rule is entitled "Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address." Local Rule 41-6 directly states that

> [a] party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

A violation of a local rule requiring a party to maintain a current address with a court may serve as a basis for dismissing this action. See Scott v. Belmares, 328 Fed. Appx. 538, 539 (9th Cir. 2009); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988).

In the present case, the Court informed Petitioner in several orders of his obligation to maintain a current address with the Court. The Court independently investigated Petitioner's location, and served the last set of orders on him in two locations in an effort to give him notice. For over seven months, Petitioner has not responded to the Court's entreaties or filed any documents in support of his habeas petition. He also has not provided the Court with an accurate mailing address. Plaintiff clearly does not have any continued interest in advancing his habeas action here. By contrast, the Court, the unserved respondent, and the public have a strong interest in terminating this action. The Court therefore finds that dismissal is now appropriate under Rule 41(b) and the local rule.

The Court therefore orders that the case be DISMISSED without prejudice for the reasons stated above.

IT IS SO ORDERED.

DATED: 08-29-11

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE